UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MICHAEL AARON B.,

               Plaintiff,

    v.

COMMISSIONER OF SOCIAL SECURITY,

               Defendant.

Case No. C25-5190-MLP

ORDER

## I.  INTRODUCTION

Plaintiff seeks review of the denial of her applications for Supplemental Security Income and Disability Insurance Benefits. Plaintiff contends the administrative law judge ("ALJ") erred by misevaluating medical opinion evidence. (Dkt. # 9.) The Commissioner filed a response arguing that the ALJ's decision is free of legal error, supported by substantial evidence, and should be affirmed. (Dkt. # 11.) Plaintiff did not file a reply. Having considered the ALJ's decision, the administrative record ("AR"), and the parties' briefing, the Court AFFIRMS the Commissioner's final decision and DISMISSES the case with prejudice.[1]

---

[1] The parties consented to proceed before the undersigned Magistrate Judge. (Dkt. # 2.)

ORDER - 1

## II.    BACKGROUND

Plaintiff was born in 1994, has a high school education, and has worked as a mail clerk and stores laborer. AR at 28. Plaintiff was last gainfully employed in June 2020. *Id.* at 19.

In June 2021, Plaintiff applied for benefits, with an amended alleged disability date of January 1, 2019. AR at 17. Plaintiff's applications were denied initially and on reconsideration, and Plaintiff requested a hearing. *Id.* After the ALJ conducted a hearing in January 2024, the ALJ issued a decision in February 2024 finding Plaintiff not disabled. *Id.* at 17-30, 36-52.

Using the five-step disability evaluation process,[2] the ALJ first found that Plaintiff had engaged in substantial gainful activity from August to November 2019 and April to June 2020, but the ALJ assessed the remaining continuous twelve-month periods since the alleged onset date. AR at 19. The ALJ next found Plaintiff had the severe impairments of depression, anxiety, attention deficit hyperactivity disorder, and trauma disorder. *Id.* at 20. The ALJ found she had the residual functional capacity ("RFC") to perform simple work at all exertional levels with occasional changes to routine and occasional interaction with coworkers and the public. *Id.* at 21. With this RFC, Plaintiff could perform past relevant work as well as jobs that exist in significant numbers in the national economy. *Id.* at 28.

As the Appeals Council denied Plaintiff's request for review, the ALJ's decision is the Commissioner's final decision. AR at 1-3. Plaintiff appealed the final decision of the Commissioner to this Court. (Dkt. # 4.)

## III.    LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may overturn the Commissioner's denial of social security benefits if the ALJ's decision rests on legal error or is not supported by substantial

---

[2] 20 C.F.R. §§ 404.1520, 416.920.

ORDER - 2

evidence. *Smartt v. Kijakazi*, 53 F.4th 489, 494 (9th Cir. 2022). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 102-03 (2019) (cleaned up). In applying this standard, the Court must consider the record as a whole to determine whether it contains sufficient evidence to support the ALJ's findings. *Id.*

Although the Court evaluates the record as a whole, it is not permitted to reweigh the evidence or substitute its judgment for that of the ALJ. *Ahearn v. Saul*, 988 F.3d 1111, 1115 (9th Cir. 2021). The ALJ is tasked with evaluating testimony, resolving conflicts in the medical evidence, and addressing ambiguities in the record. *Smartt*, 53 F.4th at 494-95. Where the evidence can be interpreted in more than one rational way, the ALJ's decision must be upheld. *Id.* Even if the ALJ erred, reversal is not warranted unless the error affected the outcome of the disability determination. *Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020). The party challenging the ALJ's decision bears the burden of demonstrating harmful error. *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009).

## IV.    DISCUSSION

### A.    Medical Opinion Evidence

The ALJ is required to articulate the persuasiveness of each medical opinion, specifically with respect to whether the opinions are supported and consistent with the record. 20 C.F.R. §§ 404.1520c(a)-(c), 416.920c(a)-(c). These findings must be supported by substantial evidence. *Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022). While an ALJ must provide valid reasons supported by substantial evidence to reject a medical opinion, an ALJ is not required to provide reasons in support of interpreting a medical opinion and incorporating it into the RFC. *See Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1223 (9th Cir. 2010).

B.   Patricia Kraft, Ph.D.

In February 2022, State agency psychological consultant Dr. Kraft opined Plaintiff was able to perform simple and complex full-time work in a competitive workplace. AR at 60. The ALJ found Dr. Kraft's opinion "not fully persuasive" because new evidence, received after the opinion, supported "more significant functional limitations." *Id.* at 27.

Plaintiff argues the ALJ erred by "failing to explain why she rejected Dr. Kraft's 'more significant functional limitation' restricting Plaintiff's ability to 'maintain [concentration, persistence, and pace] for up to 2-hours continuously.'" (Dkt. # 9 at 9 (alteration in original) (quoting AR at 60).) The ALJ did not reject this limitation, however, as it is consistent with the RFC permitting full time work. AR at 21. "[A] normal workday is structured to provide a break every two hours, and therefore this part of the State agency opinions does not describe a vocational limitation." *Tanner R. v. Comm'r of Soc. Sec.*, 2023 WL 1098344, at *4 (W.D. Wash. Jan. 30, 2023); *see also* SSR 96-9P (S.S.A. July 2, 1996) (Full time work requires "an 8-hour workday, with a morning break, a lunch period, and an afternoon break at approximately 2-hour intervals.").

Plaintiff also contends the ALJ erred by failing to identify which portions of Dr. Kraft's opinion were not persuasive and address supportability and consistency. (Dkt. # 9 at 9.) Because the ALJ limited Plaintiff to simple work, it is clear that the ALJ rejected Dr. Kraft's opinion that she could perform complex work. *See* AR at 21, 27, 60. Even if the ALJ erred in doing so, Plaintiff cannot establish harmful error because the ALJ did not reject a limitation that might have precluded work, instead imposing an *additional* limitation. *See Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (error harmless if "inconsequential to the ultimate nondisability determination").

ORDER - 4

**C.     Elliot Rotman, Ph.D.**

On reconsideration, in March 2023, State agency psychological consultant Dr. Rotman opined Plaintiff could perform simple and detailed work, would do best with limited social demands, and could deal with limited change. AR at 83-86. The ALJ found Dr. Rotman's opinion "partially persuasive" but found "some additional limitations are warranted." *Id.* at 27. Plaintiff argues the limitation in the RFC to "short instructions" does not incorporate Dr. Rotman's opinion that Plaintiff was limited to "short, simple, and repetitive tasks." (*See* dkt. # 9 at 12-13 (citing AR at 86).)

Dr. Rotman opined Plaintiff was "[c]apable of SSRT at the least." AR at 86. Plaintiff notes that "SRT" is a common abbreviation for simple repetitive tasks. (Dkt. # 13 n. 2 (citing *Nyberg v. Comm'r of Soc. Sec.*, 2021 WL 1295378, *6 (E.D. Cal. April 7, 2021).) Plaintiff does not explain what Dr. Rotman meant by "SSRT" but appears to assume that it refers to short, simple, repetitive tasks. Dr. Rotman clarified his opinion by stating that Plaintiff was "able to cognitively sustain at least simple work activities." AR at 81.

Plaintiff makes no argument that the RFC does not adequately capture Dr. Rotman's opined limitation. The ALJ limited Plaintiff to understanding, remembering, and carrying out "simple instructions" and making "simple work related decision[s]" while dealing with "occasional changes in a routine work setting[.]" AR at 21. In translating a medical opinion into a concrete RFC, "an ALJ need not explicitly transcribe each limitation in the RFC, provided he or she accounts for it in the translation." *Pullen v. Kijakazi*, 2023 WL 373380, at *5 (E.D. Cal. Jan. 24, 2023) (cleaned up). Because the RFC sufficiently accounted for Dr. Rotman's limitations, Plaintiff has not met her burden to show the ALJ harmfully erred in assessing Dr. Rotman's opinion.

      D.      Helen Caldwell, DNP, PMHNP

In January 2023, Dr. Caldwell examined Plaintiff and observed normal concentration, persistence, and pace, appearance, mental activity/speech, thought content, mood, and intellectual functioning. AR at 486-90. Plaintiff displayed a limited range of affect and appeared fatigued toward the end of the appointment. *Id.* at 489. Dr. Caldwell opined Plaintiff had marked limitations in maintaining attendance and completing a normal work day and work week, and moderate to marked limitations in dealing with stress and accepting instructions from supervisors. *Id.* at 490-91.

The ALJ found Dr. Caldwell's opinion unpersuasive because it was unsupported by her own observations and inconsistent with mental status examinations throughout the record. AR at 27. These are valid reasons supported by substantial evidence. Dr. Caldwell's observations were almost entirely normal, and the longitudinal record consistently shows largely normal mental status findings. *See, e.g., id.* at 384 (normal mood, affect, behavior), 395 (same), 407 (normal thought, behavior, speech, cognition, judgment, but depressed mood and flat affect), 419-20 (normal appearance, mental activity/speech, thought content, affect, intellectual functioning), 800 (anxious mood, normal attention, speech, behavior, thought content, cognition, judgment), 830 (full mental status exam, normal except depressed/anxious mood), 917 (same), 2031 (normal attention, speech, behavior, thought content, cognition, judgment).

Plaintiff argues the ALJ failed to cite specific evidence contradicting Dr. Caldwell's opinion. (Dkt. # 9 at 10.) The Court reviews the ALJ's decision as a whole and must affirm if the ALJ's path may be reasonably discerned even if explained with less than ideal clarity. *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014). The ALJ first assessed the medical evidence when discussing Plaintiff's testimony, identifying many specific

ORDER - 6

records showing normal mental status examination results and concluding her "generally intact and stable mental status examinations" supported no greater limitations than set forth in the RFC. AR at 23-25. The ALJ then referenced "the objective mental status examinations of record" as inconsistent with Dr. Caldwell's opinion. *Id.* at 27. This was sufficient for the Court to be able to determine that the ALJ did not arbitrarily reject Dr. Caldwell's opinion.

Plaintiff fails to identify any error in the ALJ's reasoning. The Court therefore concludes the ALJ did not err by finding Dr. Caldwell's opinion unpersuasive.

### E.     Vocational Expert Testimony

Plaintiff contends the vocational expert's testimony cannot support a finding of nondisability because the ALJ did not present a hypothetical equivalent to the RFC. (Dkt. # 9 at 14.) The ALJ asked the vocational expert about a person who could perform medium work with postural limitations and the same mental limitations as in the RFC, and the expert testified such a person could perform three occupations with a total of over 250,000 jobs in the national economy. AR at 49-50. The RFC permits work at all exertional levels with no postural limitations. *Id.* at 21. Because the RFC imposes *fewer* limitations, all of those jobs would necessarily still be available. Thus, Plaintiff fails to show harmful error.

### V.     CONCLUSION

For the foregoing reasons, the Commissioner's final decision is AFFIRMED and this case is DISMISSED with prejudice.

Dated this 30th day of September, 2025.

MICHELLE L. PETERSON
United States Magistrate Judge

ORDER - 7